683 A.2d 553

IN THE MATTER OF EDWARD J. GAFFNEY, JR., AN ATTORNEY AT LAW.

October 21, 1996.

## ORDER

The Disciplinary Review Board on May 14, 1996, having filed with the Court its decision concluding that **EDWARD J. GAFF-NEY, JR.**, formerly of **NEWTON**, who was admitted to the bar of this State in 1989, and who was suspended from practice on March 10, 1994, and who remains suspended at this time under the terms of a two-and-one-half-year suspension, should be suspended from practice for a further period of three years, respondent having committed misconduct in eleven matters, including gross neglect in six matters (*RPC* 1.1(a)), combining to form a pattern of neglect (*RPC* 1.1(b)), failure to communicate in seven matters (*RPC* 1.4); lack of diligence in three matters (*RPC* 1.3), failure to cooperate with a disciplinary investigation in five of the matters (*RPC* 8.1(b)), failure to return client files or other property in three matters (*RPC* 1.16), misrepresentation in two matters (*RPC* 8.4(c)), conduct prejudicial to the administration of justice (*RPC* 8.4(d)), conduct intended to disrupt a tribunal (*RPC* 3.5(c)), knowingly disobeying an obligation under the rules of a tribunal (*RPC* 3.4(c)), and failure to reduce a fee agreement to writing (*RPC* 1.5(b));

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice respondent should be required to complete successfully the Skills and Methods core courses and twelve hours of ethics courses offered by the Institute for Continuing Legal Education and that on reinstatement, respondent should be permitted to practice only under the supervision of a practicing attorney approved by the Office of Attorney Ethics;

And this Court having by Order dated November 2, 1994, directed that prior to restoration to practice respondent is to submit psychiatric and medical reports attesting to his fitness to practice law;

And good cause appearing;

It is ORDERED that **EDWARD J. GAFFNEY, JR.,** is hereby suspended from the practice of law for a period of three years, effective September 10, 1996, and until further Order of the Court; and it is further

ORDERED that prior to reinstatement to practice respondent shall demonstrate that he has successfully completed the Skills and Methods core courses and twelve hours of courses in professional responsibility offered by the Institute for Continuing Legal Education and shall submit psychiatric and medical reports attesting to his fitness to practice law; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.